**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELVIN ROBINSON,**

                **Plaintiff,**

**-vs-**                                   **Case No. 6:09-cv-1288-Orl-18GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2142 (Doc. No. 20)** |
| **FILED:** | December 22, 2010 |
| | **THEREON** it is **RECOMMENDED** that the Motion be **GRANTED in part** and **DENIED in part**. |

On September 23, 2010, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 19. Plaintiff has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (the "Motion"). Doc. No. 20. On November 1, 2010, after judgment was entered, Plaintiff executed an assignment of rights to his attorney for EAJA fees and Plaintiff requested that any attorney fees awarded be paid directly to

1

her counsel. Doc. Nos. 20 at 1; 20-3. In the Motion, Plaintiff requests attorneys' fees in the amount of $5,065.45 to be paid directly to Plaintiff's counsel. Doc. No. 20 at 1.

In the Motion and attached time sheet, counsel for Plaintiff, Shea A. Fugate, Esq. states that she performed a total of 29.6 hours of work on the case in 2009 and 2010 at a rate of $171.13 per hour ($5,065.45). Doc. Nos. 20 at 1; 20-2 at 3-4. The requested hourly rates do not exceed the Equal Access to Justice Act cap of $125 per hour adjusted for inflation and the change in the Consumer Price Index since the EAJA was enacted in 1996. *See* Doc. No. 20-4.

On January 5, 2011, the Commissioner filed a response (the "Response") in opposition to the Motion. Doc. No. 21. The Commissioner objects to the payment of any EAJA fees awarded directly to Plaintiff's counsel. Doc. No. 31 at 2-4. The Commissioner asserts that in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2523-2529 (2010), the United States Supreme Court recently held that EAJA fees are payable to a plaintiff and, therefore, any award under the EAJA is subject to an offset to satisfy any pre-existing debt owed by Plaintiff to the Government. Doc. No. 21 at 3.[1] Furthermore, the Commissioner asserts that the assignment of rights between Plaintiff and her counsel is not effective under the Anti-Assignment Act, 31 U.S.C. § 3727. *Id.* at 3-4. The Commissioner states:

> The Anti-Assignment Act imposes stringent conditions on the assignment of claims against the United States. Most important here, the statute specifies the timing of assignments: "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). An assignment that does not meet these conditions is not valid. *Id.* When an assignment does not meet the statutory requirements of the Anti-Assignment Act

---

[1] On June 14, 2010, in *Astrue v. Ratliff*, 130 S.Ct. 2523-2529 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. *Id.*

> and is deemed invalid, the assignment is voidable at the government's discretion. *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding the provisions of Anti-Assignment Act may be waived); *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995).
>
> In this case, Plaintiff's assignment is not valid under the Anti-Assignment Act, because it predates any award of EAJA fees and does not comply with other formalities required by the Act. <u>If this court awards EAJA fees, a determination of whether Plaintiff owes a debt to the Government will be made. The Commissioner will then determine whether to waive the Anti-Assignment Act provisions and honor the assignment. This inquiry can only be made after the award of EAJA fees because the amount of debt owed could change between the date Plaintiff files her petition and the date of the Court's order.</u>

Doc. No. 21 at 4-5 (emphasis added). Thus, the Commissioner requests that the Court award EAJA fees payable to Plaintiff. *Id*.

The Commissioner's arguments are well-founded. Accordingly, it is recommended that the Court **GRANT** the Motion (Doc. No. 20) only to the extent that Plaintiff seeks an award of attorney's fees in the amount of $5,065.45. To the extent the Motion requests that the award of attorney's fees be paid directly to Plaintiff's counsel, it is recommended that the Motion be **DENIED**. The attorney's fees should be paid directly to Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on April 4, 2011.

/s/ Gregory J. Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties